IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 02-56 T

(Chief Judge Edward J. Damich)

ROBERT B. and NANCY L. WOOD,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

JOINT MOTION PURSUANT TO RCFC 40.1(c) FOR TRANSFER TO A SINGLE JUDGE OF ALL CURRENTLY FILED AND TO BE FILED IN THE FUTURE AMCOR PARTNERSHIP CASES EXCEPT SEVEN SUCH CASES

The parties, through their attorneys, respectfully request that the 101 cases listed in Exhibit C to this motion, including the present case, be transferred to a single judge and that each newly filed indirectly related case be assigned to such transferee judge.[1] The 101 cases listed in Exhibit C constitute the majority of a group of 108 indirectly related cases that are properly termed the "AMCOR partnership cases," are currently assigned to 21 different judges, and are suspended, subject to a joint motion for suspension, or recently-filed cases in which the parties intend to file a joint motion for suspension. The seven AMCOR partnership cases not covered by this motion are not suspended but are proceeding, three with Judge Wolski, three with Judge

[1] The 101 figure is calculated by adding the five cases consolidated with case number 37 and the case consolidated with case number 55 on Exhibit C to the other 95 cases listed therein. Although the Ungs cases listed at case number 55 have not yet been consolidated as of the filing of this motion, pursuant to colloquy during a telephonic status conference on March 28, 2006, Judge Wheeler intends to issue an order doing so.

Allegra, and one on appeal to the Federal Circuit. The plaintiffs in all 108 AMCOR partnership cases are represented by the same law firm and plaintiffs' counsel believes that it is possible that as many as 600 more AMCOR partnership cases could be filed.

In summary, there are two primary grounds for this motion. First, all 108 AMCOR partnership cases are related in that they present one or more common legal issues and arise out of the same general fact patterns, and the common issues of fact and law present in the 101 cases listed on Exhibit C will be decided in one or more of the seven proceeding cases. Second, the proliferation of AMCOR partnership cases since the parties' filing of a joint notice of indirectly related cases on October 11, 2002, coupled with plaintiffs' counsel's belief that hundreds more could be filed, has caused the parties to reevaluate their initial proposal for the efficient administration of the cases set forth in that notice and now propose transfer of the 101 pending cases and newly filed cases to a single judge. Transfer of this large corpus of cases to a single judge is the best means for their resolution in a manner that promotes judicial efficiency and avoids the waste of the parties' resources. As further elaboration of the historical background to and grounds for this motion, the parties state as follows:

1. On October 11, 2002, the parties filed a joint notice of indirectly-related cases pursuant to RCFC 40.2(b) in 23 AMCOR partnership cases.[2] The content of the notice

---

[2] *Richard J. Carota v. United States,* Fed. Cl. No. 01-305 T; *Robert J. and Susan L. Isler v. United States,* Fed. Cl. No. 01-344 T; *Jeffrey T. Scuteri v. United States,* Fed. Cl. No. 01-358 T; *Robert H. and Joan C. Donaldson v. United States,* Fed. Cl. No. 01-386 T; *William W. Winternitz and Madeleine M. Hill v. United States,* Fed. Cl. No. 01-404 T; *John Y. and Josephine J. Glass v. United States,* Fed. Cl. No. 01-575 T; *Morris A. and Ann M. Weiner v. United States,* Fed. Cl. No. 01-623 T; *Richard E. and Heather H. Dahlberg v. United States,* Fed. Cl. No. 01-720 T; *John J. and Linda E. Vigliotta v. United States,* Fed. Cl. No. 02-13 T; *Robert B. and Nancy L. Wood v. United States,* Fed. Cl. No. 02-56 T; *Ronald C. and Mary G. Prati v. United States,* Fed. Cl. No. 02-60 T; *Nassif J. Cannon and Gail F. Barber v. United States,* Fed.

explaining the indirect relation of those 23 cases applies to all currently pending 108 AMCOR partnership cases, including the 101 listed in Exhibit C. In summary: each plaintiff in an AMCOR case was a limited partner in one or more of 43 limited partnerships and claimed a distributive share of losses attributable to purported farming expenses of those partnerships with a resulting reduction in individual taxable income; the Internal Revenue Service issued a notice of Final Partnership Administrative Adjustment ("FPAA") to each partnership disallowing the farming expenses; a partner of each partnership filed a petition for readjustment of the disallowance in the United States Tax Court; while the petitions were pending in the Tax Court, each plaintiff in an AMCOR case entered into a settlement with the IRS with respect to disallowance of the farming expenses; the IRS assessed tax and interest as a result of the settlement agreements; each plaintiff in an AMCOR case paid the assessments, filed a claim for refund, and filed suit in this Court after disallowance of the claim; and each AMCOR case presents at least one of five different legal issues arising from the factual background just summarized: i) timely assessment of any tax liability attributable to adjustments to partnership items; ii) propriety of assessment of tax motivated interest; iii) interest abatement; iv) interest

---

Cl. No. 02-61 T; *Lewis C. and Sonia C. Ganter v. United States,* Fed. Cl. No. 02-248 T; *Helen R. Pineo v. United States,* Fed. Cl. No. 02-401 T; *John G. and Gretchen G. Schuler v. United States*, Fed. Cl. No. 02-432 T; *Larry A. Marshall and Mary S. LeMieux Marshall v. United States*, Fed. Cl. No. 02-474 T; *Richard J. and Barclay L. Bolen v. United States*, Fed. Cl. No. 02-696 T; *E. Lisk Wyckoff, Jr. v. United States,* Fed. Cl. No. 02-772 T; *Lloyd T. and Mary Ann Whitaker v. United States*, Fed. Cl. No. 02-795 T; *Carmen C. and Emily Mastropieri v. United States*, Fed. Cl. No. 02-910 T; *Mark A. and Ellen S. Koretz v. United States,* Fed. Cl. No. 02-912 T; *Thomas E. and Elinor B. Jones v. United States*, Fed. Cl. No. 02-1079 T; and *David W. and Jane H. Lewis v. United States,* Fed. Cl. No. 02-1080 T.

netting; and v) loss in termination year of partnership/recapture of income.[3] A copy of the joint notice of indirectly-related cases in *Ronald C. and Mary G. Prati v. United States,* Fed. Cl. No. 02-60 T, is attached to this motion as Exhibit A.

In light of the common issues of fact and law involved, the joint notice also proposed a case management plan. The parties proposed to select representative cases and to request a suspension of proceedings in the remaining cases. The justification for the proposal rested in the belief that use of representative cases could lead to resolution of preliminary legal issues, avoid duplicative use of time and resources related to any required discovery, promote judicial efficiency by avoiding multiple trials, and avoid potentially inconsistent decisions. Towards that end, the parties generally proposed that, following the outcome of the representative cases, "a status conference be held [in each suspended case] to determine the most appropriate and efficient means to address the remaining cases, for example, by reopening and determining those cases in a manner consistent with the outcome of the representative cases, or by reopening and trying those cases on the basis of the outcome of the legal issues in the representative cases."

2. On January 8, 9, and 10, 2003, the parties filed a joint notice of representative cases in the cases referred to in footnote 1, identifying the following as representative cases:

*Robert J. Isler and Susan L. Isler v. United States,* Fed. Cl. No. 01-344 T

*Jeffrey T. Scuteri v. United States,* Fed. Cl. No. 01-358 T

*Ronald C. Prati and Mary G. Prati v. United States,* Fed. Cl. No. 02-60 T

---

[3] Nothing in this summary (or this motion) is intended to bind either party with respect to arguments being advanced in an AMCOR partnership case, including that defendant does not concede that the jurisdictional requirements for a refund suit have been satisfied in each AMCOR partnership case or that each AMCOR plaintiff has stated a claim upon which relief can be granted.

The notice was also filed in the following cases in which complaints were filed with the Court between October 11, 2002, and January 10, 2003: *Velusami and Purani A. Arumugam v. United States*, Fed. Cl. No. 02-1395 T; *Charanjit Singh Dhillon and Mandy K. Dhillon,* Fed. Cl. No. 02-1477 T; *Stanley C. and Ruth A. Sperling v. United States*, Fed. Cl. No. 02-1523 T; and *Gordon W. and Elizabeth K. Ludwig v. United State*s, Fed. Cl. No. 02-1730 T. A copy of the joint notice of representative cases in *Prati* is attached to this motion as Exhibit B.

The joint notice requested that the Court suspend proceedings in the AMCOR partnership cases that were not selected as representative cases. The Court entered orders in such cases directing the suspension of proceedings pending a final decision in the representative cases. In addition, as new AMCOR partnership cases were filed, the parties filed corresponding joint motions to suspend, and, pursuant to such motions, orders suspending proceedings were entered in most cases and most of those orders remain in effect.[4] There are two recently-

---

[4] The following cases filed after January 10, 2003 remain suspended pursuant to joint motions of the parties: *Ira H. and Jane E. Barry, et al. v. United States,* Fed. Cl. No. 03-200 T; *Robert and Lila T. Ehrenbard v. United States,* Fed. Cl. No. 03-1559 T; *C. Palmer and Phyllis B. Jones v. United States,* Fed. Cl. No. 03-2229 T; *Robert G. and Bernice V. Martin v. United States,* Fed. Cl. No. 03-2272 T; *William D. and Sarah M. Montgomery v. United States,* Fed. Cl. No. 03-2273 T; *Richard D. and Darline Johnson v. United States,* Fed. Cl. No. 03-2339 T; *Robert H. and Joan C. Donaldson v. United States,* Fed. Cl. No. 03-2875 T; *Tommy V. and Jacqueline L. Clinton v. United States,* Fed. Cl. No. 04-0116 T; *Charles N. and Lynne K. D'Huyvetter v. United States,* Fed. Cl. No. 04-0117 T; *Elise R. Goldman, Individually and Elise R. Goldman, Independent Executrix of the Estate of Morton J. Goldman v. United States,* Fed. Cl. No. 04-0123 T; *Richard F. and Joan D. Hatton v. United States,* Fed. Cl. No. 04-0127 T; *J. Drayton and Fernanda Hastie v. United States,* Fed. Cl. No. 04-291 T; *H. Dean Cox et. al. v. United States,* Fed. Cl. No. 04-709 T; *Jesse W. and Patricia M. Crocker v. United States,* Fed. Cl. No. 04-903 T; *Stanley J. and Arvilla B. Johnson v. United States,* Fed. Cl. No. 04-908 T; *Larry E. and Peggy A. Tanner v. United States,* Fed. Cl. No. 04-1066 T; *Robert J. and Evelyn M. Davison v. United States,* Fed. Cl. No. 04-1112 T; *Jeffrey T. Scuteri v. United States,* Fed. Cl. No. 04-1160 T; *Jonathan D. Penni v. United States,* Fed. Cl. No. 04-1161 T; *Donald A. and Barbara J. Lyon v. United States,* Fed. Cl. No. 04-1324 T; *Charles M. and Harriett A. Schnepp v. United States,* Fed. Cl. No. 04-1709 T; *Gene E. and Kathy V. Huebner v. United States,* Fed.

Cl. No. 04-1742 T; *William H. and Ruby G. Schell v. United States,* Fed. Cl. No. 04-1743 T; *Scott A. and Karen A. Malouf v. United States*, Fed. Cl. No. 04-1744 T; *Hugh J. and Irene F. McMenamin v. United States,* Fed. Cl. No. 04-1745 T; *John Farneti, Jr. and Jerry A. Farneti v. United States,* Fed. Cl. No. 04-1760 T; *Kenneth L. and Jennifer H. Kraemer v. United States,* Fed. Cl. No. 04-1761 T; *Bill G. and Katherine Chapman v. United States,* Fed. Cl. No. 04-1762 T; *Paul G. and Elaine S. Marks v. United States,* Fed. Cl. No. 04-1763 T; *Jerome J. and Velma T. Ungs v. United States*, Fed. Cl. No. 04-1764 T (and case consolidated therewith, *Jerome J. Ungs and Velma T. Ungs v. United States*, Fed. Cl. No. 06-137 T); *Michael D. and Nancy E. Henderson v. United States,* Fed. Cl. No. 04-1765 T; *William H. Horsley v. United States,* Fed. Cl. No. 04-1766 T; *H. Doug and Mary Rutherford v. United States,* Fed. Cl. No. 04-1767 T; *George O. McDaniel, Jr. and Margaret M. McDaniel v. United States,* Fed. Cl. No. 04-1788 T; *Joseph F. Penni, Executor for the Estate of Samuel L. Penni v. United States,* Fed. Cl. No. 04-1818 T; *James J. and Dorothy M. Prendergast v. United States,* Fed. Cl. No. 04-1819 T; *Robert E. and Jean L. Geurkink v. United States,* Fed. Cl. No. 05-24 T; *William C. and Patricia W. Sadd v. United States,* Fed. Cl. No. 05-25 T; *G. Dale and Loretta A. Whittington v. United States,* Fed. Cl. No. 05-220 T; *Charles H. and Kay A. Johnson v. United States,* Fed. Cl. No. 05-221 T; *Thomas C. and Lucy Hall v. United States,* Fed. Cl. No. 05-222 T; *Curtis L. and Doris W. Ivey v. United States,* Fed. Cl. No. 05-223 T; *Martin J. Kirwan v. United States,* Fed. Cl. No. 05-489 T; *Edward H. and Billie F. Miller, et al. v. United States*, Fed. Cl. No. 05-508 T; *Walter S. and Patricia J. Roberts v. United States,* Fed. Cl. No. 05-564 T; *James H. Hubbell v. United States,* Fed. Cl. No. 05-565 T; *Purani and Velusani Arumugam v. United States,* Fed. Cl. No. 05-627 T; *John E. and Anne R. Kettle v. United States,* Fed. Cl. No. 04-683 T (and cases consolidated therewith, *George W. Plowman, Individually and as Personal Representative of the Estate of Elizabeth Plowman v. United States,* Fed. Cl. No. 05-695 T; *John Y. and J. Jean Glass v. United States,* Fed. Cl. No. 05-696 T; *Louis A. Mitchell and Carol J. Mitchell v. United States,* Fed. Cl. No. 05-1074 T; *Mark W. Brandsted and Pamela S. Brandsted*, Fed. Cl. No. 05-1315; *Raymond W. Weidemann and Joan C. Weidemann v. United States*, 05-1384); *Elwood J. and Janice L. LeBlanc v. United States,* Fed. Cl. No. 05-743 T; *James P. Hackett, III and MarySue Hackett v. United States,* Fed. Cl. No. 05-758 T; *Gerald and Kathy Meunier v. United States,* Fed. Cl. No. 05-880 T; *Donald L. Six, Jr. and Mary M. Six v. United States,* Fed. Cl. No. 05-908 T; *William K. And Shirley J. Durr v. United States*, Fed. Cl. No. 05-932 T; *John B. and Georgene T. Morris v. United States*, Fed. Cl. No. 05-933 T; *Robert L. and Joan R. Gilbertson v. United States,* Fed. Cl. No. 05-934 T; *Donald M. Ettelson and Mary Ann Ettelson v. United States,* Fed. Cl. No.05-1004 T; *Mark K. Glasser and Carol J. Glasser (and Robert Q. Lewis and Susan A. Lewis) v. United States,* Fed. Cl. No. 05-1141 T; *W. Keith and Margaret E. Oehlschlager v. United States,* Fed. Cl. No. 05-1144 T; *Robert E. and Jean L. Geurkink v. United States,* Fed. Cl. No. 05-1145 T; *Alex Golbuff and Susan A. Golbuff v. United States,* Fed. Cl. No. 05-1224 T; *Bill G. Chapman and Katherine Chapman v. United States*, Fed. Cl. No. 05-1225 T; *Charles M. Atkinson and Kimera S. Copeland v. United States*, Fed. Cl. No. 05-1249 T; *Alfredo Sardinas and Gabriela Sardinas v. United States,* Fed. Cl. No. 05-1250 T; *Joseph Keefe and Marguerite Keefe v. United States*, Fed. Cl. No. 05-1402 T; *Ralph B. Bailey and Dianne L. Bailey v. United States,* Fed. Cl. No. 06-39T; *Harold C. Perkins and Alayne M. Perkins v. United States,* Fed. Cl. No. 06-51 T;

filed cases in which a joint motion for suspension is currently pending and two in which the parties intend to filed a joint motion for suspension. See Exhibit C, case numbers 92-95.

3. There are now seven AMCOR partnership cases that are not suspended and with respect to which the parties do not intend to file a joint suspension motion. Their status is as follows:

A. On October 8, 2004, the Court heard oral argument in the original representative cases, *Isler, Scuteri,* and *Prati*, on motions to dismiss and for summary judgment with respect to timely assessment, propriety of assessment of tax motivated interest, and interest abatement. No decision has issued in these cases as of the filing of the present motion. In addition, on December 12, 2005, the United States filed an additional motion for partial dismissal in Isler, and, on February 3, 2006, an additional motion for partial dismissal in Scuteri. The additional motions relate to propriety of assessment of tax motivated interest.

B. On July 30, 2003, the Court selected *John F. and Pamela F. Hinck v. United States*, Fed. Cl. No. 03-865 T, which had been filed with the Court on April 30, 2003 and involved the interest abatement issue, as an additional representative case. The Court dismissed the complaint in *Hinck* pursuant to an opinion issued February 3, 2005. The plaintiffs filed a notice of appeal on March 17, 2005. The appeal was docketed in the United States Court of Appeals for the Federal Circuit on March 24, 2005 (Docket No. 05-5099) and oral argument was held on March 9, 2006.

C. On March 10, 2005, the Court lifted stays (in effect pursuant to joint suspension motions) in *William P. Smith, Jr. and Anne D. Smith v. United States*, Fed. Cl. No.

---

*Robert E. Anderson and Marguerite M. Anderson v. United States*, Fed. Cl. No. 06-53 T.

04-907 T and in *Kenneth C. Keener v. United States*, Fed. Cl. No. 03-2028, and, on March 15, 2005, denied the parties' joint motion to suspend in *Donald L. Dismore and Bettye G. Dismore v. United States*, Fed. Cl. No. 04-1787 T. On August 11, 2005, Keener and Smith were consolidated for briefing of dispositive motions. On November 4, 2005, the United States filed a motion for partial dismissal in Keener and Smith. On February 21 and February 22, 2006, plaintiffs filed their response and a motion for partial summary judgment. The briefing relates to timely assessment and propriety of assessment of tax motivated interest. In *Dismore*, the United States filed a motion to dismiss one of plaintiffs' two claims on January 6, 2006. Plaintiffs filed their response on March 7, 2006. The briefing relates to recapture of income.

4. The cases listed on Exhibit C present common issues of fact and law to be decided

in one or more of *Isler*, *Scuteri*, *Prati*, *Dismore*, *Keener*, and *Smith*, or, with respect to the abatement of interest issue, present the issue already decided or related to the issue decided and on appeal in *Hinck*.

5. The proliferation of AMCOR partnership cases since filing of the October 11, 2002 joint notice, coupled with plaintiffs' counsel's belief that hundreds more could be filed, has caused the parties to revisit and reevaluate their initial proposal for the efficient administration of the cases. As set forth supra, the parties now propose transfer of all the cases listed on Exhibit C to a single judge and, going forward, the assignment to the selected transferee judge of each newly filed AMCOR partnership case.

The parties believe the present proposal superior to the initial one, which called for status conferences in each individual case after decision in the representative cases. First, transfer will

better serve the same grounds proffered earlier for the selection of representative cases and suspension of the remainder: resolution of preliminary legal issues, avoidance of duplicative use of time and resources related to any required discovery, promotion of judicial efficiency by avoiding multiple trials, and avoidance of potentially inconsistent decisions on the merits. This is because the original case management plan is vague on exactly what course of action should be adopted in the earlier proposed status conference. That ambiguity, when spread across what is now 101 cases and 21 judges, will work against the efficiency goals supporting the proposal of representative cases and suspension motions. Attendantly, transfer will ease the judicial administrative burden related to the AMCOR partnership cases in ways in which representative cases and suspension motions do and can not. During the continued pendency of the representative cases, there will be no need for the filing of periodic and multiple status reports pursuant to multiple and varying orders. After resolution of the representative cases, there will be no need for multiple judges to become knowledgeable of the fairly complex and involved issues in the AMCOR partnership cases.

Second, the multiplication of the AMCOR partnership cases has led to the above mentioned multiple and varying scheduling orders with the effect of imposing an undue burden and expense on the parties. In approximately 15-20 cases, a joint status report is required to be filed periodically even before a decision is rendered in any of the representative cases applicable to the case in which a periodic joint status report is due. The reporting requirements vary, including every 90 days, every three months, on the first business day of every other month, and every six months. In the majority of the remainder of the cases and in some of the cases requiring periodic status reports, a joint status report, or report by defendant, is due after a

decision in some or all of the representative cases. These reporting requirements also vary, including within either 5 days, 10 days, 14 days, 15 days, or 30 days after a decision. There are other cases in which the Court did not impose a reporting requirement. Defendant's undersigned attorney of record and a paralegal in defendant's office prepare the joint status reports on behalf of both parties.

6. The parties believe the selection of a transferee judge rests within the sole discretion of the Court. The parties are not moving for transfer of *Isler, Scuteri, Prati, Dismore, Keener,* and *Smith* as these cases are already proceeding towards resolution. The parties note that Judge Wolski presides over *Isler, Scuteri,* and *Prati*, and that Judge Allegra presides over *Keener, Smith,* and *Dismore* (and presided over *Hinck*). The parties have no objection to either Judge Wolski or Judge Allegra being selected as transferee judge.

7. Plaintiffs' attorney has authorized defendant's attorney to sign this motion on his behalf.

Respectfully submitted,

03/29/2006 s/Thomas E. Redding by s/Bart D. Jeffress
Date THOMAS E. REDDING
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

03/29/2006 s/Bart D. Jeffress
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice

Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

03/29/2006 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant